**GULF OIL CORPORATION, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant.**

**Civ. A. No. 77–0742.**

United States District Court, District of Columbia.

May 4, 1977.

Richard T. Colman, Richard A. Kleine, Howrey & Simon, Washington, D. C., Frank W. Morgan, Pittsburgh, Pa., for plaintiff.

James M. Johnstone, Washington, D. C., for defendant.

Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., David J. Anderson, R. Joseph Sher, Attys., Dept. of Justice, Attys. as amicus curiae, Washington, D. C., for Representative John E. Moss and the Subcommittee on Oversight and Investigations, House Committee on Interstate and Foreign Commerce as amicus curiae; Michael R. Lemov, Washington, D. C., Counsel, John McElroy Atkisson, Sp. Counsel, Subcommittee on Oversight and Investigations, House Committee on Interstate and Foreign Commerce, U. S. House of Representatives, of counsel.

Alexander W. Sierck, Wald, Harkrader & Ross, Washington, D. C., for Office of Legislative Oversight and Analysis of the New York State Assembly as amicus curiae.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HART, District Judge.

Pursuant to Rule 52, Federal Rules of Civil Procedure, the Court hereby enters its findings of fact and conclusions of law in denying plaintiff's motion for preliminary injunction and dismissing the action.

774

### Findings of Fact

1. This is an action brought by Gulf Oil Corporation to enjoin Westinghouse Electric Corporation from complying with a subpoena duly issued by the Subcommittee on Oversight and Investigations of the Committee on Interstate and Foreign Commerce of the House of Representatives and returnable on May 2, 1977. The Subcommittee and its Chairman, John E. Moss, appeared as *amicus curiae*.

2. The Court issued a temporary restraining order on May 2, 1977, restraining Westinghouse from producing the documents, as to which Gulf claimed attorney-client and other asserted privileges, until May 4, 1977 at 4:00 P.M.

3. It appears beyond question that the investigation being undertaken by the Subcommittee on Oversight and Investigations of the Committee on Interstate and Foreign Commerce, House of Representatives is one that is properly authorized by that House.

4. It further appears that the matter in which the Subcommittee is now engaged, and which the subpoena is addressed to, is a matter which involves legislation and that the subpoena is issued for a valid legislative inquiry.

### Conclusions of Law

1. Under the decision of the Supreme Court in *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975), the action by the House or its Committee may not be questioned in any other place, including this Court.

2. There is no likelihood of success of the plaintiff on the merits of this case ultimately.

3. The motion for a preliminary injunction should be denied and the action dismissed.

### ORDER

This matter having come before the Court on the motion of plaintiff for a preliminary injunction and the Court having considered the complaint, the motion and the oppositions thereto, with supporting papers, and having heard the argument of counsel, and being fully advised in the premises, and the Court having concluded that defendant Westinghouse was served with a valid subpoena by the Subcommittee on Oversight and Investigations of the Committee on Interstate and Foreign Commerce of the House of Representatives pursuant to a properly authorized investigation, that the Subcommittee had a valid investigative purpose, that under the case of *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975), the Subcommittee action may not be questioned in any other place; that in view of these findings, plaintiff has shown no likelihood of success on the merits of their action; it is therefore, this 4th day of May, 1977 hereby

ORDERED that plaintiff's motion for a Preliminary Injunction be and hereby is denied; that the Temporary Restraining Order entered by this Court on May 2, 1977 be and hereby is dissolved; and this action be and hereby is dismissed.